IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) NAKIA JOHNSON, an individual, | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-20-223-JD |
| | ) JURY TRIAL DEMANDED |
| 1. AMAZON.COM, INC., | ) |
| 2. EBAY, INC., | ) |
| Defendants. | ) |

## COMPLAINT FOR DAMAGES AND INJUNCTION
## FOR COPYRIGHT INFRINGEMENT

COMES NOW the Plaintiff, Nakia Johnson ("Johnson"), an individual, for his claims for relief against the Defendants, Amazon.com, Inc., and Ebay Inc., alleges and states as follows:

### Parties, Jurisdiction, and Venue

1. Johnson is an Oklahoma resident with his principal place of business located in Spencer, Oklahoma, and doing business as Pictur It Designs & Apparel ("PIDA").

2. Defendants do business in the State of Oklahoma.

3. This is an action for copyright infringement arising under the Copyright Act of 1976, 17 U.S.C. § 101, *et. seq.* This court has jurisdiction of this action under 28 U.S.C. § 1331, 1338(a), and 1338(b).

4. A substantial part of the events giving rise to the claims asserted herein occurred within the Western District of Oklahoma, and venue is proper in this Court pursuant to 28 U.S.C.A. § 1391(b)(2) and 1400(a).

### Factual Background

5. Johnson is the owner of the United States registrations in the copyright for a Title of Work entitled "RUN OKC" registered with the United States Copyright Office and assigned Registration Number VA 1-888-770 (hereinafter referred to as "the Copyrighted Work"). The Registration also included previous or alternative title as: thunder rise together, RUN OKC, Okc downtown (Skyline). A true and correct copy of the certificate of registration is attached hereto as Exhibit 1.

6. Johnson is currently and at all relevant times has been the sole proprietor of all right, title and interest in and to the copyrights in the Copyrighted Work. Johnson has produced and distributed the Copyrighted Work in strict conformity with the provision of the Copyright Act of 1976 and all other laws governing copyright.

7. Defendants have knowingly and willfully infringed Johnson's exclusive rights in the Copyrighted Work, both directly, contributorily, and vicariously, by copying copyrighted features of the Copyrighted Work, by reproducing the Copyrighted Work in copies and clothing, by preparing derivative works based upon the Copyrighted Work, and by issuing the Copyrighted Work publicly.

8. The natural, probable, and foreseeable result of the wrongful conduct of Defendants has been and will continued to be to deprive Johnson of the benefits of his copyright, to deprive Johnson of goodwill, and to injure Johnson's relationship with present and prospective customers.

9. Johnson is informed and believes and on that basis alleges that unless enjoined by this, Defendants intend to continue their course of conduct and to wrongfully use, infringe upon, sell, or otherwise profit from Johnson's copyrights and works derived therefrom.

10. As a direct and proximate result of the acts of Defendants, alleged above, Johnson has already suffered irreparable damages and on information and belief has sustained lost profits.

Johnson has no adequate remedy at law to redress all the injuries that Defendants have caused and intend to cause by their conduct. Johnson will continue to suffer irreparable damages and sustain lost profits until the actions of Defendants are enjoined by this Court.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT 17 U.S.C. § 101 ET. SEQ.**

11. Johnson alleges each and every allegation set forth in Paragraphs 1 through 10 inclusive, and incorporates them herein by reference.

12. By their actions alleged above, Defendants have infringed, both directly, contributorily, and vicariously, and will continue to infringe Johnson's copyrights related to the Copyrighted Work by reproducing the Copyrighted Work in copies, apparel, and clothing, by preparing derived works based upon the Copyrighted Work, and by selling the Copyrighted Work publicly, in direct infringement of Johnson's copyrights.

13. Johnson is entitled to an injunction restraining Defendants, their agents, employees, and all persons acting in concert with them, from engaging in any further such acts in violation of the copyright laws.

14. Johnson is further entitled to recover from Defendants the damages he has sustained and will sustain in the form of gains, profits, and advantages obtained by Defendants as a result of their acts of infringement alleged above. At present, the amount of such damages, gains and profits, and advantages cannot be fully ascertained by Johnson, but are believed to be in excess of Seventy-Five Thousand Dollars ($75,000).

15. Johnson alternatively seeks his statutory damages pursuant to 17 U.S.C. § 504, including enhanced damages of not more than One Hundred Fifty Thousand Dollars ($150,000) per infringement pursuant to 17 U.S.C. § 504(c)(2), an award of his costs and fees pursuant to 17

U.S.C. § 505, a permanent injunction pursuant to 17 U.S.C. § 502, an impoundment and disposition of the infringing articles pursuant to 17 U.S.C. § 503.

## PRAYER FOR RELIEF

WHEREFORE, Johnson prays for judgment against Defendants as follows:

A. That the Court find that Defendants have infringed Johnson's copyrights in the Copyrighted Work, both directly, contributorily, and vicariously;

B. That the Court find that the substantial likelihood that Defendants will continue to infringe Johnson's copyright in the Copyrighted Work unless enjoined from doing so;

C. That Defendants and their agents, servants, employees and all other persons in active concert or privity, or in participation with them, be enjoined from directly or indirectly infringing copyrights in the Copyrighted Work or from reproducing the Copyrighted Work in copies, apparel, and/or clothing, or from preparing derivative works based upon the Copyrighted Work, and from performing the Copyrighted Work publicly, or from participating or assisting any such activities;

D. That Defendants and their agents, servants, employees and all other persons in active concert or privity, or in participation with them, be enjoined and required to return to Johnson any and all originals, copies, facsimiles or duplicates of the Copyrighted Work in their possession, custody, or control;

E. That Defendants and their agents, servants, employees and all other persons in active concert or privity, or in participation with them, be enjoined to recall from all subcontractors, independent contractors, jobs, dealers, retailers,

distributors, customers, prospective customers, and all other known by them to have any originals, copies, facsimiles or duplicates of the Copyrighted Work in their possession, custody, or control which are shown by the evidence to infringe on any copyright in the Copyrighted Work;

F. That Defendants be enjoined to deliver upon oath to be impounded during the pendency of this action and destroyed pursuant to judgment herein all originals, copies, facsimiles or duplicates of any kind shown by the evidence to infringe any copyright in the Copyrighted Work;

G. That Defendants be required to file with the Court and to serve upon Johnson within thirty (30) days after service of the Court's Orders herein sought a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Court's Order;

H. That judgment be entered for Johnson against Defendants for statutory damages pursuant to 17 U.S.C. § 504;

I. That Defendants be required to account for all gains, profits, and advantages derived from their acts of infringement and for their other violations of law;

J. That the Court find the conduct of Defendants to have been willful;

K. That the Court award Johnson statutory damages for willful infringement in an amount not to exceed One Hundred Fifty Thousand Dollars ($150,000) for each copyrighted work which has been infringed;

L. That the Court award Johnson his costs and attorney fees pursuant to 17 U.S.C. § 505; and

M. That the Court grant such other, further, and different relief as the Court deems proper under the circumstances.

Respectfully submitted,

*/s/ Stephen L. McCaleb*
Stephen L. McCaleb, OBA No. 15649
Derryberry & Naifeh, LLP
4800 N. Lincoln Blvd.
Oklahoma City, OK 73105
(405) 528-6569
(405) 528-6462 – Fax
steve@derryberrylaw.com

**ATTORNEY'S LIEN CLAIMED**
**JURY TRIAL DEMANDED**