## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NAKIA JOHNSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-20-223-D |
| | ) |
| AMAZON.COM, INC., and | ) |
| EBAY, INC., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is a Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 26] filed by Defendant Amazon.Com, Inc. ("Amazon"). Plaintiff has responded in opposition [Doc. No. 27], and Amazon filed a reply [Doc. No. 28]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff filed this copyright infringement action, alleging that Amazon "infringed, both directly, contributorily, and vicariously" by reproducing Plaintiff's copyrighted work on clothing and apparel and selling it online. First Am. Compl. [Doc. No. 19 at ¶ 7]. Plaintiff seeks an injunction for copyright infringement, statutory damages for willful infringement, and costs and attorney's fees pursuant to 17 U.S.C. § 505. Amazon asserts that the First Amended Complaint[1] fails to identify with sufficient clarity how Amazon

---

[1] Attached to Plaintiff's First Amended Complaint is a purported Certificate of Registration naming Plaintiff as the author of a registered copyright to a 2-D artwork titled "RUN OKC," which is accompanied by photographs showing the copyrighted items; screenshots of Ebay listings of T-shirts for sale that include the phrase "RUN OKC"; and a screenshot

directly infringed and fails to allege the requisite elements of vicarious or contributory copyright infringement. Moreover, Amazon asserts that Plaintiff's allegations of willful infringement are conclusory.

## STANDARD OF DECISION

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The "plausibility standard" announced in *Twombly* and *Iqbal* is not a "heightened standard" of pleading, but rather a "refined standard." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (citing *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011)). Under the "refined standard," plausibility refers "to the scope of the allegations in the complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" *Khalik*, 671 F.3d at 1191; *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

---

of an Amazon listing of a T-shirt for sale with the phrase "RUN OKC." In ruling on a motion to dismiss, the Court may consider documents that the First Amended Complaint incorporates by reference, documents referred to in the First Amended Complaint that are central to Plaintiff's claims and as to which the parties do not dispute authenticity, and matters of which the Court may take judicial notice. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010).

Further, the Tenth Circuit has noted that "[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context." *Khalik*, 671 F.3d at 1191 (quoting *Kan. Penn Gaming*, 656 F.3d at 1215). "Thus, [it has] concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" *Id.* (quoting *Robbins*, 519 F.3d at 1247).

"In other words, Rule 8(a)(2) still lives. There is no indication the Supreme Court intended a return to the more stringent pre-Rule 8 pleading requirements." *Khalik*, 671 F.3d at 1191. It remains true that "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555); *see also al-Kidd v. Ashcroft*, 580 F.3d 949, 977 (9th Cir. 2009) ("*Twombly* and *Iqbal* do not require that the complaint include all facts necessary to carry the plaintiff's burden.").

Finally, "[w]hile the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [its] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik*, 671 F.3d at 1192 (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 515 (2002)). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Sanchez v. Hartley*, 810 F.3d 750, 756 (10th Cir. 2016) (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

There are two elements to a copyright infringement claim: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Craft Smith, LLC v. EC Design, LLC*, 969 F.3d 1092, 1099 (10th Cir. 2020) (internal quotation marks and citation omitted). "A Certificate of Registration, if timely obtained, constitutes prima facie evidence of the validity of the copyright." *Kindergartners Count, Inc. v. Demoulin*, 249 F. Supp. 2d 1214, 1220 (D. Kan. 2003). Here, Plaintiff alleges that he owns the copyright to "RUN OKC," provides a registration number, and attaches a purported Certificate of Registration naming him as the author, bearing the seal of the United States Copyright Office, and dated August 8, 2013. The Court takes Plaintiff's well-pleaded allegations as true.

Copyright protection extends only to original works. *See Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). Thus, to "qualify for copyright protection, a work must be original to the author," meaning that the author independently created it, and the work has "some minimal degree of creativity." *Id*.

With respect to the second element, Plaintiff alleges that Amazon "directly, contributorily, and vicariously" infringed Plaintiff's copyrighted work by listing and selling products online, including clothing, "that replicates [Plaintiff's] RUN OKC copyrighted material." First Am. Compl. [Doc. No. 19 at ¶ 7]. Plaintiff asserts that the listing in Exhibit 3 to the First Amended Complaint, which allegedly includes a T-shirt with Plaintiff's copyrighted RUN OKC 2-D artwork, "was hosted by and for the pecuniary benefit of Amazon." *Id*.

"Complaints [for copyright infringement] simply alleging present ownership by the plaintiff, registration in compliance with the applicable statute, and infringement by the defendant, have been held sufficient under the rules." 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1237 (3d ed. 1990); *see also Kindergartners Count, Inc. v. Demoulin*, 171 F. Supp. 2d 1183, 1189 (D. Kan. 2001); *Mid America Title Co. v. Kirk*, 991 F.2d 417, 421 (7th Cir. 1993). Rejecting a reading of *Feist* that would "require additional detail at the pleading stage" as to originality, the Seventh Circuit in *Mid America* held that originality can rarely be decided on the pleadings. *Mid America*, 991 F.2d at 422. The court noted that *Feist* was decided on a summary judgment record, and that the parties had gone beyond the complaint in challenging originality. *Id*. This approach is "consistent with Rule 8(a) and its liberal pleading policy." *Demoulin*, 171 F. Supp. 2d at 1190.

The Court finds that Plaintiff's First Amended Complaint states sufficient facts to provide Amazon with fair notice of the copyright claim and to allow Amazon to draft a responsive pleading. Any issues as to originality are more suited for consideration at the summary judgment stage after completion of discovery. *See, e.g., Bill G. Perry Fam. Design, LLC v. New Generation Homes, LLC*, No. CIV-17-1357-R, 2019 WL 1338420, at *2 (W.D. Okla. Mar. 25, 2019) (concluding that originality is a factual question that is inappropriate for resolution at the motion to dismiss stage); *McNeese Photography, L.L.C. v. Access Midstream Partners, L.P.*, No. CIV-14-503-HE, 2014 WL 3919575, at *2 (W.D. Okla. Aug. 11, 2014) (concluding it was "premature to resolve any issues as to originality based purely on the allegations of the complaint").

The Court also finds that Plaintiff has sufficiently pled willful copyright infringement. Whether an infringement is willful is relevant to the damages available to Plaintiff. *See* 17 U.S.C. § 504(c)(2) ("In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages . . . ."); *Rocking Chair Enters., L.L.C. v. Macerich SCG Ltd. P'ship*, 407 F. Supp. 2d 1263, 1269 (W.D. Okla. 2005) ("Enhanced statutory damages are available when plaintiff sustains the burden of proving that the copyright infringement was committed willfully.").

Plaintiff alleges that Amazon "knowingly and willfully infringed . . . both directly, contributorily, and vicariously" by copying and reproducing the RUN OKC copyrighted material and by preparing derivative works based on the copyrighted material. First Am. Compl. [Doc. No. 19 at ¶ 7]. Plaintiff further asserts that Amazon "directly profited from the unlawful use and sale of Plaintiff's copyrighted materials." *Id*. at ¶ 14. Plaintiff attaches a listing by Amazon, which includes the alleged copyrighted material. [Doc. No. 19-3]. Although Plaintiff could have alleged willfulness in greater detail, the Court is satisfied that the factual content in the First Amended Complaint sufficiently states a claim for willful copyright infringement. *See Bill G. Perry Fam. Design, LLC,* 2019 WL 1338420, at *3 (finding sufficient an allegation that the defendants intentionally used the plaintiffs' works in unauthorized ways).

## CONCLUSION

Based on the foregoing, Amazon's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 26] is **DENIED.**

**IT IS SO ORDERED** this 15th day of January 2021.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge